S. FRANK HARRELL – SBN 133437
sharrell@lynberg.com
PANCY LIN – SBN 239684
plin@lynberg.com
CHARIESE R. SOLORIO – SBN 309753
csolorio@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants, COUNTY OF ORANGE, ORANGE COUNTY SHERIFF-CORONER SANDRA HUTCHENS, JOCELYN LUMITAP, PATTI TROUT, MARIA TEOFILO, and THOMAS LE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK RUSSELL, as Personal Representative of the Estate of Patrick John Russell and individually; LYNNE RUSSELL, as Personal Representative of the Estate of Patrick John Russell and individually,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ORANGE; ORANGE COUNTY SHERIFF-CORONER SANDRA HUTCHENS, individually and in her official capacity; JOCELYN LUMITAP, individually; PATTI TROUT, individually; MARIA TEOFILO, individually; THOMAS LE, individually, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE No. 17-CV-00125-JLS (DFM)<br><br>*Assigned for All Purposes to:*<br>*Hon. Josephine L. Staton - Ctrm 10A*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' DAUBERT MOTION #1 TO EXCLUDE THE OPINION TESTIMONY OF ALFRED JOSHUA**<br><br>PTC Date:  June 8, 2018<br>Time:  1:30 p.m.<br>Courtroom:  10A<br><br>Trial Date:  July 3, 2018<br>Time:  9:00 a.m.<br>Courtroom:  10A |

/ / /

/ / /

/ / /

1
**DEFENDANTS' OPPOSITION TO PLAINTIFFS' DAUBERT MOTION #1 TO EXCLUDE THE OPINION TESTIMONY OF ALFRED JOSHUA**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

As the Court is aware, this matter arises from the sudden and unexpected in-custody death of 30 year-old Patrick John Russell. When Russell was first brought into the jail on January 8, 2016, he was medically screen by jail staff and reported no health issues. Several weeks later, on the evening of January 23, 2016, Russell presented to jail medical staff complaining of nausea, vomiting, anxiety, and chest pain. Jail medical staff treated Russell for all of his professed symptoms. Still, despite all of his jail medical treaters' efforts, autopsies later confirmed that Russell expired due to an "aortic dissection" – a ***rare*** condition that occurs, if at all, in persons at least thirty years older than Decedent. Following Russell's death, Plaintiffs (his parents) brought this 42 U.S.C. § 1983 suit alleging that the Orange County Jail medical staff was "deliberately indifferent" to Russell's expressed medical needs.

In preparing for trial, Defendants retained licensed physician and surgeon, Dr. Alfred Joshua. Dr. Joshua is also board certified in emergency medicine, and the Chief Medical Officer for San Diego County Sheriff's Medical Services Division, which designs, manages, and oversees medical care for the 91,000+ inmates/patients housed in the detention facilities throughout San Diego. Dr. Joshua was retained to opine about the care and treatment provided to Russell, as well as the standard of care practiced by the medical and mental health staff at the Orange County Jail, including the policy, procedures, and protocol followed by County staff regarding the provision of medical and mental health care to Russell. These issues are, of course, entirely relevant to determining Defendants' liability in this matter. See, Gordon v. County of Orange, 2018 WL 1998296, at *5 (2018) (Claims "brought by pretrial detainees against individual defendants under the Fourteenth Amendment" must be evaluated under an objective deliberate indifference standard. … With respect to the third element, the defendant's conduct must be objectively

1  unreasonable….")

2      Plaintiffs have now brought the subject "Daubert" Motion to exclude, in its entirety, any opinions and testimony by Dr. Joshua. It is unclear on what basis Plaintiffs believe Dr. Joshua's opinions should be excluded. Instead, Plaintiffs' Motion is suffused with unsubstantiated sentiments concerning Plaintiffs' views on the admissibility of expert testimony, none of which is supported by citations to supporting law. Regardless, as set forth in further detail below, Dr. Joshua's specialized credentials, along with his factually-based and jury-worthy opinions, render his opinion testimony relevant and admissible. See, Fed. R. Evid. 702. Accordingly, the Court should deny Plaintiffs' Motion exclude Dr. Joshua's testimony.

## II.   PLAINTIFFS' MOTION MUST BE DENIED FOR ITS OVERBREADTH.

    As an initial matter, Plaintiffs' instant Motion should be denied as it requests too broad of an exclusion of evidence. See, In re Homestores.com Inc., 2011 WL 291176, at *2 (C.D. Cal. 2011)(denying motion in limine on grounds that motion was "too over-broad and vague, and therefore inappropriate for review at the motion in limine stage") citing Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., 2010 WL 2035800, (C.D.Cal. May 19, 2010) (holding that motions in limine should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"). Here, Plaintiffs' request to exclude the entirety of Dr. Joshua's testimony is more appropriately dealt with by way of evidentiary objections during the course of the trial. See, McKenzie v. Benton, 388 F.3d 1342, 1351 (10th Cir. 2004).

    Furthermore, not only is the evidence at issue in Plaintiffs' Motion relevant to the claims here, but Plaintiffs have failed to provide any valid reason as to why any of the evidence at issue in this Motion would be unduly prejudicial if admitted. See, Siring v. Oregon State Bd. of Higher Educ. ex rel. E. Oregon Univ., 927 F. Supp. 2d

1069, 1079-1080 (2013) ("All experts, however, are cloaked in an "aura of authority," and they attempt to offer testimony that is helpful to one party and not helpful to the opposing party. If that were a sufficient basis to exclude expert reports, little expert testimony would survive. That is not, however, the proper analysis for expert testimony. … The fact that [the expert's] conclusions are helpful to [one party] and not to [the other] does not render [the expert's] testimony unfairly prejudicial.")

### III.   DR. JOSHUA IS QUALIFIED TO RENDER OPINIONS IN THIS MATTER.

Fed. R. Evid. 702 permits the admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1017 (9th Cir. 2004).  Rule 702 "contemplates a broad conception of expert qualifications." Thomas v. Newton Int'l Enterprises, 42 F.3d 1266, 1269 (9th Cir. 1994).  An expert may be qualified either by "knowledge, skill, experience, training, or education." Id.  Indeed, "the advisory committee notes emphasize that Rule 702 is broadly phrased and ***intended to embrace more than a narrow definition of qualified expert***." Id. (emphasis added).

Here, Dr. Joshua is a licensed physician and surgeon.  Dr. Joshua is also board certified in emergency medicine, and still currently practices emergency medicine.  Finally, Dr. Joshua is the Chief Medical Officer for San Diego County Sheriff's Medical Services Division.  As such, he is eminently qualified, and there is no basis to exclude Dr. Joshua from the following areas of testimony:

- Emergency room medicine (see, Plaintiff's Motion at 3:24-4:6, and 4:19-21, seeking to exclude Dr. Joshua from offering any opinions regarding potential treatment at an Emergency Department);
- The standard of care for medical practitioners within a jail setting (see, Plaintiff's Motion at 4:19-21, seeking to exclude Dr. Joshua from

providing testimony regarding medical care in a "jail setting")

## IV.  DR. JOSHUA'S OPINIONS ARE RELEVANT AND JURY-WORTHY.

Fed. R. Evid. 702 states a qualified expert "may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."  In deciding whether to admit an expert's testimony, the court should determine whether the testimony (1) relates to "scientific knowledge" and (2) will "assist the trier of fact to understand or determine a fact in issue."  Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592, (1993).

Here, Plaintiffs seek to exclude Dr. Joshua from offering testimony regarding the mortality rates from aortic dissection.  (Plaintiff's Motion, at 3:19-24).  Dr. Joshua based the statistics he offers here, however, on medical literature on which he is entitled to rely.  (See, Dr. Joshua's Report, Plaintiff's Exhibit A, at page 7, fn. 1 and 2); Wendell v. GlaxoSmithKline LLC, 858 F.3d 1227, 1233 (9th Cir. 2017) (error to exclude expert testimony without taking into account "the broader picture of the experts' overall methodology" and "improperly ignor[ing] the experts' experience, reliance on a variety of literature and studies, and review of [] medical records and history….")  As such, Dr. Joshua's proffered opinion here is not speculative, and should not be excluded.

Plaintiffs also seek to preclude Dr. Joshua from discussing two possible causes of aortic dissection: spontaneous or congenital.  (Plaintiff's Motion, at 5:1-9).  Here again, there is nothing speculative about Dr. Joshua's opinion.  Dr. Joshua is a licensed physician.  He read and reviewed both Plaintiffs' depositions in which they describe Russell's family medical history as only they, as Russell's parents, could.  (See, Dr. Joshua's Report, Plaintiff's Exhibit A, at page 4).  Finally, Dr. Joshua

reviewed Russell's medical history as contained in Russell's medical records from Kaiser, where he underwent orthopedic surgery in 2014.  (See, Dr. Joshua's Report, Plaintiff's Exhibit A, at page 4, and 5).  As such, Dr. Joshua has "reliably applied [reliable] principles and methods to the facts of the case," (Fed. R. Evid. 702(c), (d)) and this opinion should not be excluded.

Dr. Joshua should also be permitted to offer testimony regarding the policies and procedures of the Orange County jail, including the inapplicability of the "Angina Pectoris" policy.  First, Dr. Joshua is a licensed physician and Chief Medical Officer for the San Diego jail system, making him qualified to speak about jail medical policies and procedures.  Second, Dr. Joshua relied on the testimony of Defendant Dr. Le in formulating the opinion that the "Angina Pectoris" policy did not apply.  (See, Dr. Joshua's Report, Plaintiff's Exhibit A, at pages 6-7)("In Mr. Russell's case, he neither suffered from acute coronary syndrome (angina, unstable angina, myocardial infarction) nor did he suffer from chronic heart failure.  Thus, the P&P for angina pectoris that guided the nursing staff should not be applicable in this case.  This distinction was explained in the deposition of Dr. Thomas Le.")  Dr. Joshua was also entitled to rely on the deposition of Dr. Le to formulate opinions.  See, Fed. R. Evid. 702 (b) (an expert "may testify in the form of an opinion or otherwise if…the testimony is based on sufficient facts or data….")  Here again, there is no basis to exclude Dr. Joshua's testimony.

## V.     CONCLUSION

Dr. Joshua's qualifications meet and exceed what the Federal Rules of Evidence require of expert witnesses.  Indeed, Dr. Joshua's relevant experience as a licensed physician and surgeon, board certified emergency medicine provider, and Chief Medical Officer for San Diego County Sheriff's Medical Services Division preeminently qualify him as competent to offer an opinion in this case.  Moreover, Dr. Joshua's opinions are reliable, factually and scientifically-based, and would plainly be helpful to a jury in their evaluation of Plaintiffs' claims.

For these reasons, and for the reasons set forth herein, Plaintiffs' Daubert Motion #1 to Exclude the Opinion Testimony of Alfred Joshua should be denied.

DATED: May 18, 2018

Respectfully submitted,
**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Pancy Lin*
**S. FRANK HARRELL**
**PANCY LIN**
**CHARIESE R. SOLORIO**
Attorneys for Defendants, COUNTY OF ORANGE, ORANGE COUNTY SHERIFF-CORONER SANDRA HUTCHENS, JOCELYN LUMITAP, PATTI TROUT, MARIA TEOFILO, and THOMAS LE